Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FIELDS, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | 1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.; |
| PERFORMANT RECOVERY, INC., f/k/a DIVERSIFIED COLLECTION SERVICES, INC., | 2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ. |
| Defendant. | 3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 |
| | JURY TRIAL DEMANDED |

## COMPLAINT

ROBERT FIELDS ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PERFORMANT RECOVERY, INC. f/k/a DIVERSIFIED COLLECTION SERVICES, INC. ("Defendant"):

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection

- 1 -

Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Show Low, Arizona.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with a business address located at 1080 S. Harlan Road, Lathrop, California, 95330.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. Defendant was attempting to collect an amount allegedly due for a defaulted student loan.

12. The debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

13. Throughout April 2012, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's home telephone.

14. These calls were placed two to four times daily.

15. Defendant's harassing collection calls derived from numbers including, but not limited to (209) 858-3500.  The undersigned has confirmed that this number is associated with Defendant's Lathrop, California office.

16. Plaintiff repeatedly told Defendant that he did not owe the debt and that all his student loans were paid in full.

17. Despite this indication, Defendant continued to call and pressure him

for payment.

18. During these calls, Defendant's collectors also made threats, indicating they would garnish his social security and/or tax refund, and sue him.

19. As Plaintiff was unaware of any outstanding student loan debt, he requested information concerning the debt in writing, but Defendant failed to send him any information that would aid him in determining if this was his debt.

20. Upon information and belief, Defendant did not investigate Plaintiff's dispute of the alleged debt and/or obtain additional information from the entity that placed the account for collection regarding the validity of the debt.

21. Instead, Defendant persisted in its efforts to collect the student loan by sending Plaintiff written correspondence on or after April 25, 2012, falsely claiming that he owed $20,157.53 and demanding he make monthly payments. See Exhibit "A"

22. Defendant's actions as described herein were made with the intent to harass, abuse, and coerce payment from Plaintiff for the alleged debt.

**COUNT I
DEFENDANT VIOLATED § 1692d OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

24. Defendant violated § 1692d of the FDCPA when it called Plaintiff

repeatedly and continuously, when it continued to call Plaintiff even after he told Defendant he did not owe the debt and that all his student loans were paid in full, and when it engaged in other harassing or abusive conduct.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

28. Defendant violated § 1692e of the FDCPA when it sought to collect a debt Plaintiff did not owe, when it told Plaintiff that it would garnish his social security or tax refund because Defendant could not take such action as Plaintiff did

not owe the debt, and when it made other false, deceptive or misleading representations.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(2)(A) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29.     Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making the false representation of the character, amount, or legal status of any debt.

30.     Defendant violated § 1692e(2)(A) when it attempted to collect a debt from Plaintiff that he did not owe.

## COUNT V
## DEFENDANT VIOLATED § 1692e(4) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31.     Section 1692e(4) of the FDCPA prohibits the representation or implication that nonpayment of any debt will result in the garnishment of any property or wages unless such action is lawful and the collector intends to take such action.

32.     Defendant violated section 1692e(4) of the FDCPA when it told Plaintiff that it would garnish his social security or tax refund because Defendant could not take such action as Plaintiff did not owe the debt.

## COUNT VI
## DEFENDANT VIOLATED § 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.  Section 1692e(5) FDCPA prohibits debt collectors from threatening to take an action that cannot legally be taken or which is not intended to be taken.

34.  Defendant violated § 1692e(5) of the FDCPA when it told Plaintiff that it would garnish his social security or tax refund because Defendant could not take such action as Plaintiff did not owe the debt.

## COUNT VII
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.  Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

36.  Defendant violated § 1692e(10) of the FDCPA when it sought to collect a debt Plaintiff did not owe, when it told Plaintiff that it would garnish his social security or tax refund because Defendant could not take such action as Plaintiff did not owe the debt, and when it made other false, deceptive or misleading representations.

## COUNT VIII
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

37.  Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

38.     Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after he told Defendant he did not owe the debt and that all his student loans were paid in full, when it threatened Plaintiff with a lawsuit and garnishment of his tax refund and social security, and when it engaged in other harassing or abusive conduct.

## COUNT IX
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39.     In its actions to collect a disputed debt, Defendant violated Cal. Civ. Code §1788.17, which mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

WHEREFORE, Plaintiff, ROBERT FIELDS, respectfully prays for a judgment as follows:

   a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROBERT FIELDS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 24, 2013    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: abennecoff@creditlaw.com
    Attorney for Plaintiff